**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ISLOMOV N. ABDULLAEVICH,** | : | **CIVIL ACTION NO. 1:26-CV-2360** |
| | : | |
| **Petitioner,** | : | **(Judge Neary)** |
| | : | |
| **v.** | : | |
| | : | |
| **CRAIG LOWE, WARDEN of Pike County Correctional Facility,** | : | |
| | : | |
| **Respondent.** | : | |

**MEMORANDUM**

Presently before the court is a petition (Doc. 1) for a writ of habeas corpus filed by petitioner Islomov N. Abdullaevich, seeking his release pending removal proceedings. Abdullaevich, a citizen of Uzbekistan, has no scheduled appearances before an immigration judge and no bond or removal proceedings of record.[1]

The Government candidly admits that the case is controlled by recent Third Circuit precedent in Gabriel Buele Morocho v. Warden, Philadelphia FDC, et al, Civ. No. 26-1150, --- F.4th ----, 2026 WL 2546223 (3d Cir. Aug. 28, 2026). In that decision, the court explained the BIA's rule interpretation—that individuals such as Abdullaevich were necessarily applicants for admission, as articulated in Matter of Yajure Hurtado, 29 I & N Dec. 216 (BIA 2025)—was an incorrect interpretation of the governing statutes. Morocho, 2026 WL 2546223 at *3-*5. The court explained individuals such as Abdullaevich, who were not "engage[ed] in an ongoing affirmative

---

[1] The court determined this fact via the Executive Office for Immigration Review's website. See EOIR Automated Case Information https://acis.eoir.justice.gov/en/ (last visited September 19, 2026).

act to seek admission to the United States" were not subject to Section 1225(b)(2)(A), but rather, Section 1226(a). Id. at *4. The government does not argue here, nor are there facts on the record to support, that Abdullaevich was seeking admission when detained. Therefore, because Morocho is binding upon this court, the court considers this petition as arising under Section 1226(a).

In this light, it is apparent that the three-factor test from Matthews v. Eldridge applies. 424 U.S. 319, 355 (1976). That test asks the court to consider "(1) the private interest that will be affected by the official action, (2) the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards, and (3) the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." Morocho, 2026 WL 2546223 at *9 (citing Mathews, 424 U.S. at 335) (citation modified). The first factor plainly favors the petitioner here, as mandatory detention implicates his "constitutionally protected interest in avoiding physical restraint." Kansas v. Hendricks, 521 U.S. 346, 356 (1997). As to the second factor, the fact that Abdullaevich has been detained without an opportunity for a neutral decisionmaker to assess if he is dangerous "presents a high risk of erroneously depriving Petitioner[] of [his] liberty interest." Morocho, 2026 WL 2546223 at *9. The third factor, unquestionably, weighs in the government's favor, as the government has a strong interest in securing dangerous detainees, or those likely to flee. But where, as here,

there are no allegations of criminality nor any specific reason to suspect petitioner is a flight risk, this factor does not outweigh the first two. Id.

The court therefore concludes that the proper outcome in this matter is for Abdullaevich, who has no criminal history and has been detained with no bond hearing, to be immediately released from ICE custody. This comports with this court's past, pre-Morocho precedent (See e.g., Chaudhari v. Rose, Civ. No. 3:26-CV-242, 2026 WL 540378 at *6 (M.D. Pa. Feb. 26, 2026) (ordering the release of a prisoner ostensibly held under Section 1225(b)(2)(A))), and with the result of Morocho, wherein the Third Circuit affirmed the district courts' release of the petitioners. Morocho, 2026 WL 2546223 at *10. The court will grant the writ of habeas corpus and require the government to release petitioner.

An appropriate order shall issue.

/S/ KELI M. NEARY
Keli M. Neary
United States District Judge
Middle District of Pennsylvania